IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALLIE ZINNERMAN, ) | |
| Plaintiff, ) | CASE NO. 2:17-CV-485-MHT-TFM |
| v. ) | |
| ) | JURY TRIAL REQUESTED |
| APPLETON PLUS PEOPLE ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Callie Zinnerman, pro se, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1.  Plaintiff Zinnerman files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., and The Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2.  Plaintiff Zinnerman filed a charge of race discrimination with the EEOC in Birmingham, Alabama on November 28, 2016. Plaintiff received a right-to-sue on April 27, 2017, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

1

3. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Callie Zinnerman (hereinafter "Plaintiff" or "Ms. Zinnerman"), is a citizen of the United States and a resident of Montgomery County, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Appleton Plus People Corporation (hereinafter "Defendant" or "Appleton"), does business in Montgomery County, Alabama. At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant.

## III. STATEMENT OF FACTS

6. Ms. Zinnerman is a seventy-one-year-old female of African-American descent.

7. Ms. Zinnerman has a B.S. degree, a Master's degree, and an Ed.S. degree in English and has been a career educator. Ms. Zinnerman worked in Bullock County for 27 ½ years and in Montgomery County for 10 years. Ms. Zinnerman retired in 1997, and in 2005 began working as a substitute teacher with the Montgomery County Board of Education in Montgomery, Alabama.

8. On or about 2015, Appleton took over the employment of substitute teachers in Montgomery County Schools from the Montgomery County School Board. Hence, Ms. Zinnerman began reporting to and became employed by Appleton on or about August 2015.

9. Ms. Zinnerman avers that she is qualified to teach all grades, which includes elementary education and high school education.

10. Ms. Zinnerman avers that she has been paid at a rate of $70.00 per day, or $350.00 per week by Appleton since she began working there in August 2015.

11. Ms. Zinnerman avers that another teacher for Appleton, twenty-four-year-old white female, Bethany Hollis, is doing the same type of teaching work that Zinnerman is doing, but Hollis is being paid $85.00 per day, or $425.00 per week.

12. Ms. Zinnerman avers that she should be paid the same as Ms. Hollis, but believes that her race and/or age has caused her to be paid at a lower level.

13. Ms. Zinnerman avers that Ms. Hollis was moved into a resource teacher position, where she received pay of $120.00 per day. Ms. Zinnerman avers that she has the experience to be a resource teacher, but has never been asked to be so, or given the opportunity to interview for a resource teacher position. Ms. Zinnerman avers that her race and age have once again played a role in not having this opportunity.

14. Ms. Zinnerman avers that her experience, credentials, and knowledge were/are far superior to those of Ms. Hollis, who is paid so much more.

15. As a result of the above-stated facts, Appleton has subjected Ms. Zinnerman to illegal discrimination based on her race and age in violation of Title VII (42 U.S.C. § 2000(e)) and the Age Discrimination in Employment Act. As a result of this illegal discrimination, Plaintiff has suffered mental anguish and has lost income.

### IV. PLAINTIFF'S FIRST CAUSE OF ACTION
### RACE DISCRIMINATION

16. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15 above, the same as if more fully set forth herein, and further avers that the

Defendant's actions toward her violated her right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

17.     As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 15 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

18.     Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Zinnerman respectfully prays that this Court grant the following relief:

a)   Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b)   An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination;

c)   An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d)   An award of punitive damages, due to the egregious nature of the race discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e)   An award of all court costs and fees, including those incurred for seeking administrative relief; and

f)   Such further, other and different relief as the Court may deem appropriate and necessary.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION

### AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621 et seq.

19.   Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of age discrimination in employment, in violation of 29 U.S.C. § 621, the Age Discrimination in Employment Act

20.   Plaintiff avers that the aforesaid actions of the Defendant violated 29 U.S.C. § 621, et seq. prohibiting age discrimination in employment.

21.   Plaintiff avers that she has suffered economic damage as a proximate cause of said age discrimination. Plaintiff avers that the age discrimination practiced against her was willful, thus entitling Plaintiff to double damages.

22.   Plaintiff further avers that she has pursued and has exhausted her administrative remedies.

### **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

a)   A judgment declaring that Plaintiff was discriminated against by the Defendant, due to Plaintiff's age, and

b)   An award of back pay for all lost wages, and in the event Plaintiff is not reinstated, then an award of front pay to which Plaintiff may be entitled;

5

c) An award of all court costs and fees, including those incurred for seeking administrative relief;

d) A doubling of damages due to the willful nature of the age discrimination practices against Plaintiff.

e) Such further, other and different relief as this Court may deem appropriate and necessary.

Respectfully submitted this 21 day of July 2017.

Callie Zinnerman, Plaintiff

Callie Zinnerman, pro se
15 Chaseway Drive
Pike Road, Alabama 36064
334-213-7901 (H)
334-462-9695 (C)
Calliechamp2@gmail.com

**JURY DEMAND**

Plaintiff hereby requests trial by jury on all issues so triable.

Callie Zinnerman, pro se

**NOTE FOR SERVICE**

Please serve the Defendant via Certified Mail at the following address:

Appleton Plus People Corporation
c/o Glenn Clayton, Registered Agent
200 Clinton Avenue, STE 1000
Huntsville, AL 35801-4918