IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CALLIE ZINNERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-485-MHT |
| | ) | [wo] |
| APPLETON PLUS PEOPLE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, entered 8/4/17). For the reasons discussed below, the Magistrate Judge recommends this case be dismissed for failure to prosecute and remaining motions be DENIED as moot.

**I. BACKGROUND**

This complaint was filed by Callie Zinnerman ("Plaintiff" or "Zinnerman") on July 20, 2017. *See* Doc. 1. Plaintiff – who proceeds *pro se* – asserts claims under the Title VII, 42 U.S.C. § 2000e and the Age Discrimination Employment Act, 29 U.S.C. § 621. Defendant is Appleton Plus People Corporation ("Defendant" or "Appleton") where Plaintiff remains an employee. Plaintiff states she is a seventy-one-year-old female of African-American descent. In 2015, Appleton took over the employment of substitute teachers in Montgomery County, Alabama schools. Plaintiff states another teacher who is younger and white does the same job, but is paid more and received additional job opportunities not provided to Plaintiff. The Court granted her motion to proceed *in forma pauperis*. *See* Doc. 5.

On September 7, 2017, Defendant filed its motion to quash service under Federal Rule of Civil Procedure 4. *See* Doc. 8. Specifically, Defendant asserted service was not executed by an appropriate person and Plaintiff's failure to comply with the requirements of Rule 4(h), that the return of service should be quashed.

On September 28, 2017, the Court entered a show cause order requiring Plaintiff to respond to the motion to quash on or before October 16, 2017. *See* Doc. 9. On October 20, 2017, the Court received a notice from the United States Postal Service which indicated the Court's order sent to Plaintiff was returned as undeliverable with a note "returned to sender-unclaimed, unable to forward." With no additional filings from the Plaintiff, the Court entered an order directing Plaintiff to update the Court with her updated address and to respond to the prior order by November 13, 2017. The Court stated:

> The plaintiff is specifically cautioned that if she fails [to] file a response as required by this order, the court will treat her failure as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this case be dismissed.

*See* Doc. 10. No response was filed to the second order and Plaintiff has filed no additional pleadings with the Court.

## II. JURISDICTION

Zinnerman asserts claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as she brings claims under Title VII and the ADEA. The parties do not contest personal jurisdiction or venue and there are adequate allegations to support both. The Defendant does contest service.

## III. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. Appx 863, 864 (11th Cir. 2008). Although the court is

required to liberally construe a *pro se* litigant's pleadings, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotation omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

Additionally, because the Plaintiff proceeds *in forma pauperis*, the Court has an ongoing requirement to conduct a review to determine whether the claims are frivolous, malicious, or fails to state a claim on which relief may be granted under to 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Ultimately, this case merits dismissal for failure to prosecute. On September 28, 2017, the Court entered its order that Plaintiff show cause why the Defendant's motion to quash should not be granted. *See* Doc. 8. No response was filed and the order was sent back as "return to sender-unclaimed, unable to forward." On October 27, 2017, the Court entered an order directing that Plaintiff shall update the Court with her current address by November 13, 2017 and a second opportunity to address the administration of this case. *See* Doc. 10. The plaintiff was specifically cautioned that the failure to comply with this order would result in the court treating

the claims as abandoned with a recommendation that this case be dismissed for failure to prosecute. *Id.* The plaintiff has filed nothing in response to this order.

In short, the Plaintiff has done nothing in furtherance of her case since her original action in this case in July 2017. It remains Plaintiff's responsibility to keep the Court apprised of her current address so that the Court can properly administer this case. There have been no responses to the Court's orders and the Court adequately warned Plaintiff of the consequences of not responding. In light of Plaintiffs' failure to comply with the court orders issued on September 28, 2017 and October 27, 2017, the Court concludes that Plaintiff has abandoned her claims. "[E]ven a non-lawyer should realize the peril to her case, when she . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

### IV. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice for failure to prosecute this action. Additionally, the motion to quash (Doc. 8)) and any other remaining motions should be **DENIED as moot**.

Additionally, it is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **December 1, 2017.** Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 16th day of November, 2017.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE